\*GRAND LODGE OF BROTHERHOOD OF RAILROAD TRAINMEN V. EUGENE DALY.

1. FRATERNAL INSURANCE COMPANY CANNOT INVOKE EXEMPTIONS OF ACT 97 O. L. 421 AS LAW OF THE CASE AFTER TRIAL UPON OTHER STATUTES.

   A fraternal insurance company, in an action on a life policy issued by it, having by its answer assumed the burden of proving the materiality of false statements in the application as required by Sec. 3625 Rev. Stat., cannot after trial and verdict upon the issues tendered, claim exemption as a fraternal order under Sec. 4 of act 97 O. L. 421 (Lan. Rev. Stat. 5812: B. 3631-14) from the provisions of laws other than such act.

2. APPLICATION IS PART OF CONTRACT OF INSURANCE.

   An application for life insurance in a fraternal order being made part of the contract by its own terms, by the constitution of the order and in the petition asking for recovery on the policy, it is error to charge the jury that the constitution and by-laws constitute the contract.

3. PHYSICIAN'S STATEMENT TO PATIENT AS TO CERTAIN DISEASE HELD ADVICE.

   A statement of a physician to his patient in that relation that h �ﹾ is afflicted with a certain disease is advice within the meaning of Sec. 5241 Rev. Stat. and is properly excluded in an action contesting payment of a policy of insurance.

ERROR to Hamilton common pleas court.

The plaintiff below recovered a judgment against the grand lodge for $1,350 on a policy of insurance on the life of the decedent. The principal defense set up was as to the truthfulness of answers made by the decedent at the time of his application for a policy. In the court below the judgment was against the grand lodge.

**Hoffman, Bode & LeBlond,** for plaintiff in error.

**William Littleford** and **H. G. Frost,** for defendant in error:

Burden of proof. *Elmer* v. *Life Assn.* 64 Hun 639 [19 N. Y. Supp. 289]; *Supreme Lodge Bohemian Slavonian K. & L.* v. *Matejowsky,* 190 Ill. 142 [60 N. E. Rep. 101]; 2 Bacon, Ben. Soc. (3 ed.) Sec. 469; *Piedmont & Arlington L. Ins. Co.* v. *Ewing,* 92 U. S. 377 [23 L. Ed. 610].

---

\*Reversing *Daley* v. *Brotherhood,* 19 Dec. 60.

Hamilton County.

Statute exempting fraternal beneficiary societies from insurance laws of the state is unconstitutional. May, Insurance Sec. 1; *Bolton v. Bolton,* 73 Me. 299; *Bliss v. Parks,* 175 Mass. 539 [56 N. E. Rep. 566]; Bacon, Ben. Soc. Secs. 23, 52; *Commonwealth v. Wetherbee,* 105 Mass. 149; *Williams v. Donough,* 65 Ohio St. 499 [63 N. E. Rep. 84; 56 L. R. A. 766]; *Coal Co. v. Rosser,* 53 Ohio St. 12 [41 N. E. Rep. 263; 29 L. R. A. 386; 53 Am. St. Rep. 622]; *State v. Ferris,* 53 Ohio St. 314 [41 N. E. Rep. 579; 30 L. R. A. 218]; *New York L. Ins. Co. v. Block,* 6 Circ. Dec. 166 (12 R. 224); *Prudential Ins. Co. v. Kilbane,* 8 Circ. Dec. 790 (15 R. 62).

The answers in the application are representations and not warranties. *Alabama Gold L. Ins. Co. v. Johnston,* 80 Ala. 467 [60 Am. Rep. 112]; Niblack, Ben. Soc. 391; *Supreme Lodge v. Schmidt,* 98 Ind. 374; *Erdmann v. Insurance Co.* 44 Wis. 376; Bacon, Ben. Soc. Sec. 203; *Cheever v. Insurance Co.* 8 Dec. Re. 175 (6 Bull. 196); *Cheever v. Insurance Co.* 5 Dec. Re. 268 (4 Am. Law Rec. 155); *Union Cent. L. Ins. Co. v. Cheever,* 7 Dec. Re. 254 (2 Bull. 19); *Union Cent. L. Ins. Co. v. Cheever,* 36 Ohio St. 201 [38 Am. Rep. 573].

As to showing change in condition between application and issuance of certificate. 3 Cooley, Insurance 2002, 2008; *DeCamp v. Insurance Co.* 7 Fed. Cas. 313.

Rejection of second deposition of examining physician. *Despatch Line v. Glenny,* 41 Ohio St. 166; *Andrews v. Watson,* 12 Circ. Dec. 692; *Fountain v. Ware,* 56 Ala. 558; *Herring v. Skaggs,* 73 Ala. 446; *Shaw v. Installation Co.* 9 Dec. Re. 809 (17 Bull. 274); 3 Wigmore, Evidence 2510, Sec. 1893; *First Nat. Bank v. Elevator Co.* 11 N. D. 280 [91 N. W. Rep. 436]; *Gussner v. Hawks,* 13 N. D. 453 [101 N. W. Rep. 898]; *Watson v. Railway,* 76 Minn. 358 [79 N. W. Rep. 308].

Daly's statements as to his health. *Kelsey v. Insurance Co.* 35 Conn. 225; *Welch v. Insurance Co.* 108 Ia. 224 [78 N. W. Rep. 853; 50 L. R. A. 774]; *Metzradt v. Modern Brotherhood,* 112 Ia. 522 [84 N. W. Rep. 498]; *Schwarzbach v. Protective Union,* 25 W. Va. 622 [52 Am. Rep. 227]; *Insurance Co. v. Morris,* 3 Lea (Tenn.) 101; *Union Cent. L. Ins. Co. v. Cheever,* 36 Ohio St. 201 [38 Am. Rep. 573]; *Fraternal Mut. L. Ins. Co. v. Applegate,* 7 Ohio St. 292; *Grossman v. Supreme Lodge K. & L. of Honor,* 53 Hun 637 [6 N. Y. Supp. 821]; *Mutual Life Ins. Co. v. Selby,* 72 Fed. Rep. 980; *Selby v. Insurance Co.* 67 Fed. Rep. 490; *Terwilliger v. Supreme Council of Royal Arcanum,* 49 Hun 305 [2 N. Y. Supp. 144]; *Rawson v. Insurance Co.* 115 Wis. 641 [92 N. W. Rep. 378]; *Supreme Lodge v. Schmidt,* 98 Ind. 374.

Brotherhood of Railroad Trainmen v. Daly.

Board of health certificate. *Ramsey v. Riley,* 13 Ohio 157; *Richmond v. Patterson,* 3 Ohio 368; *Stanglein v. State,* 17 Ohio St. 453; *Derby v. Salem,* 30 Vt. 722; Whittaker's Cove of Ev. Secs. 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88; *Sovereign Camp W. of W. v. Grandon,* 64 Neb. 39 [89 N. W. Rep. 448]; *Buffalo Loan, Tr. & S. Dep. Co. v. Aid Assn.* 126 N. Y. 450 [27 N. E. Rep. 942; 22 Am. St. Rep. 839], affirming *Buffalo Loan, Tr. & S. Dep. Co. v. Aid Assn.* 56 Hun 303 [9 N. Y. Supp. 346]; *Beglin v. Insurance Co.* 173 N. Y. 374 [66 N. E. Rep. 102], reversing *Beglin v. Insurance Co.* 32 Misc. 254 [66 N. Y. Supp. 206].

Depositions of pastor and undertaker. 24 Enc. Law 176; 17 Cyc. 312; *American Life Ins. Co. v. Rosenagle,* 77 Pa. 507; *Stoever v. Whitman,* 6 Binn. (Pa.) 416; *Hiam v. Edwards,* 1 U. S. (Dall., Pa.) 2 [1 L. Ed. 11]; *Lewis v. Marshall,* 30 U. S. (5 Pet.) 470 [8 L. Ed. 195]; *Kennedy v. Doyle,* 10 Allen (Mass.) 161; *Morrissey v. Ferry Co.* 43 Mo. 380; 17 Cyc. 312, citing *Clark v. Trinity Church,* 5 Watts & Serg. (Pa.) 266; *Sitler v. Gehr,* 105 Pa. St. 577 [51 Am. Rep. 207]; *Hancock v. Supreme Council Catholic Benev. Legion,* 67 N. J. Law 614 [52 Atl. Rep. 301]; *Childress v. Cutter,* 16 Mo. 24; *Chambers v. Chambers,* 24 N. Y. Civ. Proc. 187 [32 N. Y. Supp. 875]; 17 Cyc. 311; *Metropolitan Life Ins. Co. v. Howle,* 68 Ohio St. 614 [68 N. E. Rep. 4]; *Metropolitan Life Ins. Co. v. Howle,* 62 Ohio St. 204 [56 N. E. Rep. 908]; *Ohio Mutual L. Assn. v. Draddy,* 10 Dec. 591 (8 N. P. 140); *Hunter v. Fraternal Alliance,* 7 Dec. 239 (5 N. P. 35).

**GIFFEN, J.**

Upon the issues joined in this case the burden of proof rested upon the defendant in the original action, and by its answer it also assumed the burden of proving each fact required by Sec. 3625 Rev. Stat.

After trial and verdict upon issues thus tendered it can not claim exemption under Sec. 4 of act 97 O. L. 421 (Lan. Rev. Stat. 5812; B. 3631-14 Rev. Stat., and inasmuch as this court will not reverse a judgment on the ground that it is against the weight of the evidence unless clearly so, it follows that Sec. 3625 and not 3631-14 Rev. Stat., is the law of the case. All the facts enumerated in Sec. 3625 were clearly proved with reference to the following answers made by the deceased in his application for a benefit certificate: (1) That he had not consulted a physician during the last five years. (2) That he was then in good health. (3) That he had never been afflicted with syphilis. (4) That he had no deceased brother or sister. (5) That he took possibly three drinks of intoxicating liquor a week.

Hamilton County.

The judgment is therefore manifestly against the weight of the evidence.

· The statement of a physician to his patient in that relation that he is afflicted with a certain disease is advice within the meaning of Sec. 5241 Rev. Stat.

The court erred in charging the jury that the certificate and the constitution and by-laws constitute the contract, when the petition of plaintiff, the constitution and the application itself make the latter a part of the contract.

The special instructions requested by the defendant were based upon the rule stated in the case of *Connecticut Mut. L. Ins. Co.* v. *Pyle,* 44 Ohio St. 19 [4 N. E. Rep. 465; 58 Am. Rep. 781], which was abrogated by Sec. 3625 Rev. Stat. *John Hancock Life Ins. Co.* v. *Warren,* 59 Ohio St. 45, 353 [51 N. E. Rep. 546].

Many other errors are alleged but we find none that is prejudicial.

Judgment reversed and cause remanded for a new trial.

**Swing** and **Smith, JJ.,** concur.